# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KORY WILLIAMS,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 13-101-RAW-KEW |
| | ) |
| **CARL BEAR, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the court on Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner, an inmate currently incarcerated at Joseph Harp Correctional Center in Lexington, Oklahoma, attacks his sentences following blind pleas of no contest in Muskogee County District Court Case No. CF-2007-204.

The respondent alleges in his response (Dkt. 6) that the petition is moot, because Petitioner received relief on his pleas when the Oklahoma Court of Criminal Appeals vacated his Judgment and Sentence and remanded the case to the district court in *Williams v. State*, C-2008-1183, slip op. at 4-5 (Okla. Crim. App. Feb. 4, 2010) (Dkt. 6-1). Petitioner has not filed a reply to the respondent's response.

The record shows that Petitioner entered blind pleas in Case No. CF-2007-204 to Shooting with Intent to Kill (Count 1), Assault and Battery with a Deadly Weapon (Count 2), Possession of a Firearm After Conviction of a Felony (Count 3), Possession of a Sawed-Off Shotgun (Count 4), and Receiving or Concealing Stolen Property (Count 5). *Williams*, C-2008-1183, slip op. at 1 (Dkt. 6-1). After the remand, he was tried by jury and convicted

of Counts 1-3, and those proceedings were affirmed in *Williams v. Oklahoma*, No. F-2010-1155 (Okla. Crim. App. Dec. 8, 2011) (Dkt. 6-2). The petition specifically refers to Counts 1-4, Petitioner's blind pleas, and his plea summary, but it makes no mention of the jury trial.

The court agrees with the respondent that Petitioner received relief on his habeas claims, and the petition is moot. In *Hayes v. Evans*, 70 F.3d 85, 86 (10th Cir. 1995), the state court reversed a petitioner's sentence and remanded the case for a new trial while his habeas corpus petition was pending. *Id*. at 86. The Tenth Circuit noted that if "the district court had addressed the merits of the petition before the state court ruled, the most relief Mr. Hayes could have received would have been either the grant of a conditional writ or a review by the district court of his federal challenges to his conviction and sentence." *Id*. Because there was no further relief the federal court could grant him on the conviction at issue in the petition, the habeas action was moot. *Id*. See also *Dubuc v. Oklahoma Court of Criminal Appeals*, No. 96-5024, 1996 WL 384547, at *2 (10th Cir. 1996) (unpublished) (holding that a habeas petition was moot, because "the Oklahoma court reversed [the] conviction and . . . it no longer exists.").

Here, the court finds the convictions and sentences Petitioner is challenging no longer exist, so his petition for a writ of habeas corpus is moot. The court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED as moot, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 2nd day of March 2016.

**Dated this 2nd day of March, 2016.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma